

# IN THE
# TENTH COURT OF APPEALS

### No. 10-16-00025-CR

**TIMOTHY ANDREA MOORE,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 54th District Court
### McLennan County, Texas
### Trial Court No. 2015-501-C2

## MEMORANDUM  OPINION

Appellant, Timothy Andrea Moore, was charged by indictment with indecency with a child by contact. *See* TEX. PENAL CODE ANN. § 21.11 (West 2011). At the conclusion of the evidence, the jury found Moore guilty of the charged offense and sentenced Moore to forty years' confinement in the Institutional Division of the Texas Department of Criminal Justice with a $10,000 fine. The trial court certified Moore's right of appeal, and this appeal followed.

# I.     *ANDERS* BRIEF

Pursuant to *Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400, 18 L. Ed. 2d 493 (1967), Moore's court-appointed appellate counsel filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded no grounds of error upon which an appeal can be predicated.  Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal.  *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), Moore's counsel has carefully discussed why, under controlling authority, there are no reversible errors in the trial court's judgment.  Counsel has informed this Court that he has:  (1) examined the record and found no arguable grounds to advance on appeal; (2) served a copy of the brief and counsel's motion to withdraw on Moore; and (3) provided Moore's family with a copy of the record, as instructed, and informed Moore

of his right to file a pro se response.[1]  *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23.  Moore filed a pro se response on August 18, 2016.[2]  *See In re Schulman*, 252 S.W.3d at 409.

## II.  INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous.  *Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 349-50, 102 L. Ed. 2d 300 (1988).  We have reviewed the entire record, counsel's brief, and Moore's pro se response and have found nothing that would arguably support an appeal.  *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none,

---

[1] The Texas Court of Criminal Appeals has held that "'the pro se response need not comply with the rules of appellate procedure in order to be considered.  Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues.'"  *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.—Waco 1997, no pet.)).

[2] In his transmittal letter to Moore, appellate counsel indicated that:

Appellant refused to take the copy of the record because he was concerned other inmates would learn of its contents.  Appellant instructed counsel to send the record to Appellant's family at a specified address instead.  Counsel will immediately send the copy of the record to Appellant's family as instructed by U.S. mail and will follow all further reasonable instructions by Appellant regarding the record.

Counsel also noted that he read Moore "a portion of the trial transcript and the clerk's record."  Based on counsel's statements and the fact that Moore did not complain in his pro se response about difficulty in obtaining the record, we have fair assurance that Moore and his family have received or had an opportunity to receive a copy of the record.  *See Kelly v. State*, 436 S.W.3d 313, 321-22 (Tex. Crim. App. 2014).

the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1.");

*Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgment of the trial court.

### III.    MOTION TO WITHDRAW

In accordance with *Anders*, Moore's attorney has asked this Court for permission to withdraw as counsel in this case. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to Moore and to advise him of his right to file a petition for discretionary review.[3] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

---

[3] No substitute counsel will be appointed. Should Moore wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition and all copies of the petition for discretionary review must be filed with the Clerk of the Court of Criminal Appeals. *See id.* at R. 68.3. Any petition for discretionary review should comply with the requirements of rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* at R. 68.4; *see also In re Schulman*, 252 S.W.3d at 409 n.22.

AL SCOGGINS

Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed August 31, 2016
Do not publish
[CR25]

